IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3150-D

ROBERT S. BALLARD,              )
                                )
            Plaintiff,          )
                                )
       v.                       )     **ORDER**
                                )
DENNIS DANIELS, et al.,         )
                                )
            Defendants.         )

On June 27, 2016, Robert S. Ballard ("Ballard" or "plaintiff"), proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") [D.E. 1]. On March 27, 2017, the court reviewed Ballard's complaint pursuant to 28 U.S.C. § 1915A and dismissed Ballard's ADA claim as frivolous [D.E. 11]. On May 10, 2017, Ballard filed an amended complaint [D.E. 16]. On May 25, 2017, the court dismissed Ballard's amended ADA claims, but permitted Ballard to proceed with his section 1983 claims [D.E. 17]. On May 31, 2018, defendants moved for summary judgment [D.E. 38], and filed a memorandum in support [D.E. 39], a statement of material facts [D.E. 40], and an appendix [D.E. 41]. On June 18, 2018, Ballard responded in opposition [D.E. 49]. On January 16, 2019, defendants replied [D.E. 51].

On February 5, 2019, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 53] and recommended granting in part and denying in part defendants' motion for summary judgment. On February 21, 2019 Ballard objected to the M&R [D.E. 54]. Defendants did not respond.

The M&R recommended that defendants were entitled to Eleventh Amendment immunity concerning the official capacity claims. See [D.E. 53] 4–5. The M&R also recommended denying qualified immunity at this time. See id. at 5–6. Ballard's objections do not address the M&R's analysis. See [D.E. 54].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Defendants did not respond to the M&R. Furthermore, Ballard's objections do not meaningfully address the M&R. Because there is no clear error on the face of the record, the court adopts the conclusions in the M&R. See, e.g., Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997).

In sum, after reviewing the M&R, the record, and Ballard's response, the court OVERRULES Ballard's objections [D.E. 54] and ADOPTS the conclusions in the M&R [D.E. 53]. Defendants' motion for summary judgment [D.E. 38] is GRANTED in part and DENIED in part. Specifically, the court: (1) DENIES as moot summary judgment on Ballard's ADA claims; (2) GRANTS summary judgment on Ballard's claims against defendants in their official capacities; and (3) DENIES without prejudice defendants' motion for summary judgment based on qualified immunity. The court DISMISSES Ballard's claims against defendants in their official capacities. Defendants shall file a motion for summary judgment addressing the merits of Ballard's Eight Amendment claims no later than April 1, 2019.

2

SO ORDERED. This 1 day of March 2019.

/s/ J. Dever
JAMES C. DEVER III
United States District Judge